UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKIE L. WEBB, | ) | Civ. 12-4064-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| DOUGLAS WEBER, Warden, Dept. of Correction/State Penn.; and MARTY JACKLEY, Atty. General; | ) ) ) ) | AND DISMISSING CASE |
| Defendants. | ) | |

Plaintiff, Frankie L. Webb, filed a pro se lawsuit, which he categorizes as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against Warden Weber and Attorney General Jackley in their official capacities. Webb is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Webb now moves for leave to proceed in forma pauperis in his lawsuit against defendants.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations

omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Webb has indicated the average of the monthly deposits to his account is $0, and the average monthly balance of his account is a *negative $209.21*. *See* Docket 3, Prisoner Trust Account Report. The in forma pauperis statute also provides a prisoner may not be "prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). The initial partial filing fee is waived because Webb has no assets or means by which to pay it. Webb is thus granted in forma pauperis status.

      But the inquiry does not end there. The PLRA also requires this court to "screen" Webb's complaint to determine whether it should be dismissed. Section 1915 provides that an action must be dismissed if the court determines the claim "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, [a] 'pro se complaint must contain specific facts supporting its conclusions[.]' " *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citation omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level   . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting that the "complaint must contain either direct or inferential allegations" regarding "all material elements necessary to sustain recovery under some viable legal theory").

## DISCUSSION

Webb claims that his criminal conviction was obtained by an unconstitutionally selected and empaneled grand or petit jury. Docket 1. Webb further asserts that "[t]he Attorney General Marty Jackley will not acknowledge the fact that an error was made and grant the plaintiff a new trial, which violates plaintiff['s] constitutional rights" and complains that Warden Weber "is detaining plaintiff against his will, in that his Liberty has been taken with [sic] Due process of law in violation of the 6th and 14th Amendments." *Id.* Webb asks that this court "issue an order revoking the present judgment of conviction issued by the State of South Dakota[.]" *Id.* In the alternative, Webb seeks a certificate of appealability and any relief deemed appropriate by the court. Webb also asks that he be granted a hearing on his case.

Webb categorized his complaint as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that damage suits could be maintained against federal officials for violations of the Constitution. *Id.* Warden Weber and Attorney General Jackley are state officials. Consequently, if Webb were alleging a civil rights violation, this court would convert his lawsuit into a suit under 42 U.S.C. § 1983. *See also Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("An action under *Bivens* is almost identical to an action under section 1983, except

that the former is maintained against federal officials while the latter is against state officials."). But Webb's sole remedy is habeas corpus.

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74 (2005) (stating that where success of prisoner's lawsuit does not necessarily spell speedier release, it does not lie at the "core" of habeas corpus and might be sustainable as a § 1983 claim). Webb's claim is that he is wrongfully incarcerated because his conviction was obtained by an unconstitutionally selected and empaneled jury. He asks that this court revoke his criminal conviction. Therefore, Webb's claim lies at the "core" of habeas corpus, and his sole remedy is a writ of habeas corpus.[1] Webb's complaint, therefore, fails to state a claim upon which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915.

---

[1] In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by" an authorized state tribunal, or called into question by the issuance of a federal habeas writ. Thus, Webb's claim is premature, because there is no final state or federal habeas that has reversed or declared his sentence invalid.

This court will not reclassify Webb's complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, however, because Webb has already filed a § 2254 petition. *See* 10-4111, Webb v. Weber. This court rejected the same claim that Webb raises today—that the jury that convicted him was unconstitutionally selected and empaneled. *See* 10-4111, Docket 15, Report and Recommendation; Docket 18, Order Dismissing Petition and Adopting Report and Recommendation. Before a state prisoner may file a successive petition for a writ of habeas corpus, he must receive an order from the appropriate court of appeals authorizing the district court to consider a second application for habeas corpus. 28 U.S.C. § 2244. Webb has not indicated that he has received leave from the Eighth Circuit Court of Appeals to file a successive petition for writ of habeas corpus. Thus, this court will not reclassify Webb's complaint as a habeas petition. Therefore, it is

ORDERED that Webb's motion for leave to proceed in forma pauperis (Docket 2) is granted. The initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4).

IT IS FURTHER ORDERED that Webb's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds

credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

Dated April 25, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE